UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY GRANDCOLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1452 AGF |
| ) | |
| HEALTHY ALLIANCE LIFE ) | |
| INSURANCE COMPANY d/b/a ) | |
| ANTHEM BLUE CROSS BLUE SHIELD; ) | |
| RIGHTCHOICE MANAGED CARE, INC.; ) | |
| CORNERSTONE INSURANCE GROUP; ) | |
| INC., and ELITE CARE SALES, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court[1] on (1) the motion of Plaintiff Jeffrey Grandcolas to remand this case to state court; (2) the motion of Defendants Healthy Alliance Life Insurance Company ("Healthy Alliance") and RightChoice Managed Care, Inc., ("RightChoice") to dismiss Plaintiff's complaint; and (3) the motion of Defendant Cornerstone Insurance Group, LLC, ("Cornerstone") to dismiss Count VI of Plaintiff's complaint. For the reasons set forth below, the motion to remand shall be denied, the motion of Healthy Alliance and RightChoice to dismiss the complaint shall be granted, Cornerstone's motion to dismiss shall be denied as moot, and Plaintiff's alternative request for time to file an amended complaint shall be granted.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

## BACKGROUND

Plaintiff filed this action in state court. He alleges that he began employment with Defendant Elite Car Sales, Inc. ("Elite") in March 2006, and enrolled in Elite's group health plan administered by Healthy Alliance and/or RightChoice beginning on June 1, 2006. Plaintiff alleges that he resigned on or about April 1, 2007, and submitted forms to request continuing health insurance coverage through Healthy Alliance and/or RightChoice under the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"). Plaintiff alleges that he was told by Healthy Alliance and/or RightChoice and Elite that he was enrolled in continuing health insurance coverage for a total of 18 months, as allowed by law, but that, on or about March 27, 2008, Elite advised him that it was terminating his coverage effective March 1, 2008. Plaintiff alleges that Elite intentionally misrepresented to Cornerstone, Elite's "agent in all aspects of this case," that Plaintiff had been terminated from employment as of February 5, 2008, and that Cornerstone, knowing this information to be false, then sent a notice to Healthy Alliance and/or RightChoice requesting that Plaintiff's coverage be cancelled as of March 1, 2008.

Plaintiff alleges that this "improper cancellation" caused him mental anguish which was exacerbated when Healthy Alliance and/or RightChoice refused to provide him with a certificate of continuing coverage so that he could apply for health insurance elsewhere. Plaintiff alleges that as a result, he could not obtain an immunoglobulin treatment that was due on or about April 8, 2008, and his medical condition began to worsen. Plaintiff asserts claims of negligence/breach of fiduciary duty (Count I), tortious interference with contract and/or reasonable expectation of medical treatment (Count II),

infliction of emotional distress (Count III), fraud (Count IV), negligent misrepresentation (Count V), and breach of contract/vexatious refusal to pay (Count VI). He seeks actual and punitive damages.

Defendants removed the action to this Court under 28 U.S.C. § 1441(b), which permits removal of any civil action over which federal district courts have original jurisdiction under 28 U.S.C. § 1331. Section 1331 provides, in turn, that district courts have original jurisdiction in all civil actions arising under laws of the United States. Defendants asserted that Plaintiff's claims arose under federal law because the claims were completely preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA").

Following removal, Healthy Alliance and RightChoice filed a joint motion to dismiss Plaintiff's complaint for failure to state a claim for relief because his exclusive remedies, if any, are under ERISA. Cornerstone filed a separate motion to dismiss Count VI (breach of contract/vexatious refusal to pay) against it on the ground that it was not a party to any contract of insurance with Plaintiff. Plaintiff filed a motion to remand the case to state court on the ground that the dispute in this case "is more complicated than simply an ERISA claim" for the denial of benefits. Plaintiff also opposes the motion to dismiss of Healthy Alliance and RightChoice on this same basis. Plaintiff asserts that its state law claims are analogous to a claim for medical malpractice and not preempted by ERISA, in light of the decision by the Supreme Court in Pegram v. Herdrich, 530 U.S. 211(2000). In the alternative, Plaintiff asks for time to file an amended complaint under ERISA. Plaintiff has not addressed Cornerstone's motion to dismiss separately.

## DISCUSSION

Under the complete preemption doctrine, a state law cause of action arises under federal law within the meaning of § 1331, and is thus removable to federal court, when Congress has so completely preempted "a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins., Inc, v. Taylor, 481 U.S. 58, 63-64 (1987). Section 502(a)(1)(B) of ERISA provides for actions "to recover benefits due . . . under the terms of [a] plan, [or] to enforce . . . rights under the terms of the plan." The Act contains its own preemption clause -- § 514(a) provides that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan" (with the exception of state laws that regulate insurance).

In Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004), the Supreme Court explained that under the "extraordinary pre-emptive power" of ERISA, "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy . . . is . . . pre-empted. . . . Hence, causes of action within the scope of . . . § 502(a) [are] removable to federal court." Id. at 209. The Court further explained that not only does ERISA's complete preemption confer federal jurisdiction, it also limits claims and remedies exclusively to those provided by section 502(a). Id. The Court held that the two causes of action before it, asserting state law claims based upon the refusal of the plaintiffs' HMOs to cover certain medical services recommended by their physicians, were completely preempted by ERISA §502(a)(1)(B), and thus removable to federal court. Id. at 206-07, 214.

In Pegram, the case relied upon by Plaintiff, the plaintiff sued her treating physician and her physician-owned-and-operated HMO, which provided medical coverage through the plaintiff's employer under an ERISA-regulated benefit plan, for breach of an ERISA fiduciary duty. The plaintiff's treating physician was the person who administered the plaintiff's benefits as well as the person who decided whether certain treatments were covered. This physician required plaintiff to wait eight days for an ultrasound of her inflamed abdomen, during which time her appendix ruptured causing peritonitis. The Supreme Court held that under those circumstances, the physician's decision was a "mixed eligibility and treatment decision" which was not a fiduciary act within the meaning of ERISA. Thus the Court concluded that the plaintiff failed to state an ERISA claim. 530 U.S. at 231.

Several courts addressing ERISA preemption issues after Pegram have applied that case to hold that ERISA does not completely preempt medical malpractice claims, but in Davila the Supreme Court specifically rejected this reading of Pegram where, as here, the defendant is not the plaintiff's treating physician or the employers of the plaintiff's treating physician. Davila, 542 U.S. at 218-19. Upon review of Plaintiff's complaint, the Court concludes that Plaintiff's claims are completely preempted by ERISA and that the action was therefore removable to this Court. See Kurtek v. Capital Blue Cross, 219 F. App'x 184, 187 (3d Cir. 2007) (rejecting argument that under Pegram, state claims based on benefit plan/insurer's delay in approval of medical procedure were not preempted by ERISA). Accordingly, Plaintiff's motion to remand will be denied, and the motion to dismiss of Defendants Healthy Alliance and RightChoice will be granted.

See Morris v. UNUM Provident Life Ins. Co., No. 4:08CV1006 RWS, 2008 WL 4378431, at *1 (E.D. Mo. Sept. 23, 2008) (holding that claims in state court petition asserting breach of contract, intentional and negligent infliction of emotional distress, and vexatious refusal to pay were preempted by ERISA; denying the plaintiff's motion to remand and granting the defendants' motion to dismiss for failure to state a claim). The dismissal on this basis renders the motion of Defendant Cornerstone moot. The Court will allow Plaintiff 15 days from the date of this Memorandum and Order to file an amended complaint under ERISA. See id.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to state court is **DENIED**. [Doc. #16]

**IT IS FURTHER ORDERED** that the motion of Defendants Healthy Alliance and RightChoice to dismiss Plaintiff's complaint is **GRANTED**. [Doc. #14]

**IT IS FURTHER ORDERED** that the motion of Defendant Cornerstone to dismiss Count VI of the complaint is **DENIED** as moot. [Doc. #12]

**IT IS FURTHER ORDERED** that Plaintiff shall have 15 days from the date of this Memorandum and Order to file an amended complaint.

_AUDREY G. FLEISSIG_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of November, 2009.